UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER L. FUSCO,

                Plaintiff,

       -against-

ANDREW M. CUOMO,

                Defendant.

7:21-CV-1908 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

      Plaintiff, currently held as a federal pretrial detainee in the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983 seeking damages as well as declaratory and injunctive relief. He sues Andrew M. Cuomo, the Governor of the State of New York. By order dated May 19, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Dkt. No. 8.)[1] The Court directs service on Governor Cuomo.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Governor Cuomo until the Court reviewed the complaint and

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

ordered that a summons be issued for Governor Cuomo. The Court therefore extends the time to serve Governor Cuomo with the complaint until 90 days after the date that a summons is issued for Governor Cuomo. If the complaint is not served on Governor Cuomo within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on Governor Cuomo through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Governor Cuomo. The Clerk of Court is further instructed to issue a summons for Governor Cuomo and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of a summons and the complaint upon Governor Cuomo.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court further directs the Clerk of Court to: (1) issue a summons for Governor Cuomo, (2) complete a USM-285 form with the service address for Governor Cuomo, and

(3) deliver all documents necessary to effect service of a summons and the complaint on Governor Cuomo to the U.S. Marshals Service.

SO ORDERED.

Dated: June 7, 2021
       White Plains, New York

                                                               KENNETH M. KARAS
                                                          United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Andrew M. Cuomo
Governor of the State of New York
NYS State Capitol Building
Albany, New York 12224