UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER L. FUSCO,

       Plaintiff,

   -against-

ANDREW M. CUOMO,

       Defendant.

21-CV-1908 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

  Plaintiff Christopher L. Fusco ("Plaintiff") brings this Action, pursuant to state law and the Court's federal question jurisdiction, alleging that Andrew M. Cuomo deprived him of his Sixth Amendment Right to a Speedy Trial in violation of 42 USC § 1983. (*See* Compl. (Dkt. No. 2).) Plaintiff's Complaint and Application for the Court to Request Pro Bono Counsel were filed on March 4, 2021. (*Id*.) On May 19, 2021, the Court entered an Order granting Plaintiff's application to proceed in forma pauperis ("IFP"). (Dkt. No. 8.) On June 7, 2021, the Court ordered service upon Defendants. (Dkt. No. 10.) Before the Court is Plaintiff's Application for the Court to Request Pro Bono Counsel (the "Application"). (Application for the Court to Request Pro Bono Counsel ("Appl.") (Dkt. No. 6).) For the reasons that follow, the Application is denied without prejudice.

  Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). "Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court undertakes a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "'determine[s] whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (citation and quotation marks omitted)). In other words, the applicant's position must not be so "highly dubious" that he or she appears to have no chance of success. *Hodge*, 802 F.2d at 60 (citation omitted). In making this determination, the Court construes pro se litigants' submissions liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

If the threshold requirement is met, the Court proceeds to consider other prudential factors such as the litigant's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the [litigant] be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A [litigant] requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (citation and quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a

civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered.").

Here, Plaintiff has demonstrated that he attempted to request counsel by contacting a number of Innocence Projects and pro bono foundations (*see* Appl.), but this factor alone does not outweigh the *Hodge* factors discussed below. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel ... [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies").

Given that this case is still in the early stages of litigation, and Defendant has not yet responded to the Complaint, it is too early a juncture for the court to ascertain whether Petitioner's claims are "likely to be of substance." *McCray v Royce*, 20-CV- 4127, 2020 WL 8669830, at *2 (S.D.N.Y. July 29, 2020) (quoting *Hodge*, 802 F.2d at 61–62). Thus, Plaintiff's Application is premature.

Even if the Court were to find that Plaintiff's claims have merit, Plaintiff cannot satisfy step two of the inquiry regarding the prudential factors. *See Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 62). Plaintiff has not met his burden that he cannot effectively prosecute his case. Plaintiff's Sixth Amendment Claim does not "appear so overwhelmingly complex that he cannot be afforded a just determination without legal representation." *Maldonado v. Candidus*, No. 97-CV-4794, 1998 WL 690817, at *1 (S.D.N.Y. Sept. 30, 1998). Plaintiff makes no argument to the contrary. And Plaintiff was witness to the events and facts giving rise to his claims, which he has provided to the Court in his Complaint. *See Goodson v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to

appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action[,]"). Further, though the "[p]laintiff's ability to investigate the case, due to his incarceration, is limited . . . the record before the Court does not reflect what additional facts, that could be gathered and investigated only through the aid of counsel, might be crucial to plaintiff's ability to substantiate his claim." *Id*.

Therefore, Plaintiff's application for the Court to request appointment of pro bono counsel is denied without prejudice. The Clerk of the Court is respectfully directed to terminate the pending motion, (Dkt. No. 6), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:    June 28, 2021
               White Plains, New York

                                              KENNETH M. KARAS
                                              UNITED STATES DISTRICT JUDGE