UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER L. FUSCO,

                              Plaintiff,

      v.

ANDREW M. CUOMO,

                              Defendant.

No. 21-CV-1908 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On March 4, 2021, pro se Plaintiff Christopher L. Fusco ("Plaintiff") commenced this Action against Governor Andrew M. Cuomo pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights pursuant to then-Governor Cuomo's issuance of an Executive Order suspending the speedy trial time limitations of New York Criminal Procedural Law ("NY CPL") § 30.30.  (*See generally* Compl. (Dkt. No. 2).)  Plaintiff alleges that he was arrested on September 26, 2020 pursuant to a warrant issued by the Poughkeepsie Town Court, arraigned on September 27, 2020, and that after three months in state custody, during which time he filed "multiple motions pro se in contest to various issues regarding the proceeding," he attempted to "invok[e] [his] right to a speedy trial."  (*Id.* at 9.)[1]  However, on December 15, 2020, Plaintiff was informed by the Poughkeepsie Town Court that NY CPL § 30.30 was not then in effect, and apparently as a result, Plaintiff chose to enter a guilty plea and was sentenced to time served. (*Id.* at 10.)  Plaintiff alleges that he pled guilty because "a defendant in [his] place [had] no other option as a trial by jury in any reasonably expeditious timeframe was simply off the table."  (*Id.*)

---

[1] When citing to the Complaint, the Court refers to the ECF-stamped page numbers at the top right-hand corner of each page.

Plaintiff names only Governor Cuomo as a defendant in this Action, and seeks both damages and declaratory and injunctive relief.  (*Id.* at 14.)

On May 19, 2021, Chief Judge Swain granted Plaintiff's request to proceed in forma pauperis ("IFP").  (*See* Dkt. No. 8.)  On October 13, 2021, the Court entered an Order to Show Cause ordering Plaintiff to show cause as to why his case should not be dismissed based on Governor Cuomo's Eleventh Amendment immunity.  (*See* Order to Show Cause (Dkt. No. 17).) The Court also noted that the New York Court of Appeals has held that NY CPL § 30.30 "does not address problems involving speedy trial rights or due process in a constitutional sense. Rather, it is purely a statutory 'readiness rule.'  It was enacted to serve the narrow purpose of ensuring prompt prosecutorial readiness for trial, and its provisions must be interpreted accordingly."  (*Id.* at 3 n.2 (quoting *People v. Sinistaj*, 492 N.E.2d 1209, 1210 (N.Y. 1986)).)  On November 19, 2021, Plaintiff responded by arguing that he could maintain his Action against Governor Cuomo because he sought damages against Governor Cuomo in his individual capacity.  (*See* Pl.'s Mem. in Opp'n to Order to Show Cause (Dkt. No. 20).)  The Court then entered a second Order to Show Cause on December 7, 2021, ordering Plaintiff to show cause as to why his case should not be dismissed for failure to allege any personal involvement by Governor Cuomo in the alleged constitutional violation, and again noting its skepticism that the Executive Order about which Plaintiff complains had any effect on his constitutional rights.  (*See* Order to Show Cause (Dkt. No. 22).)  Plaintiff responded to the Court's latest Order to Show Cause on January 13, 2022, and argued that Governor Cuomo was personally involved in the alleged constitutional violation because Governor Cuomo was personally involved in creating the policy that caused the violation, though he appeared to concede that the suspension of NY CPL § 30.30 did not cause a constitutional deprivation.  (*See* Pl.'s Mem. of Law in Answer to

Order to Show Cause (Dkt. No. 25); *see id.* at 13 (recognizing that "whatever wisdom (or lack thereof) may be found in the decision of the New York State Court of Appeals in People v Sinistaj regarding the due process implications of CPL 30.30, a United States District Court is not in a position to overrule the highest state court's interpretation of its own criminal procedure law").) [2]

While the Court applauds Plaintiff's efforts in attempting to prosecute this case, for the reasons set forth below, Plaintiff's Complaint is dismissed sua sponte in its entirety with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The Second Circuit has explained that "[a]n action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'"  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)).  "A claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law or a dispositive defense clearly exists on the fact of the complaint."  *Id.* (citation omitted) (quoting *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam)).  In evaluating whether an IFP complaint states a claim on which relief may be granted, the Second Circuit has instructed that courts "must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor," and only dismiss

---

[2] When citing to the Plaintiff's response to the Court's second Order to Show Cause, the Court refers to the ECF-stamped page numbers at the top right-hand corner of each page.

where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Cruz v. Gomez*, 202 F.3d 593, 596–97 (2d Cir. 2000)

(quotation marks omitted).  While the law mandates dismissal on these grounds, the Court is

obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted); *see also Erickson v.

Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] pro se complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." (citation and

italics omitted)).

    Here, there is simply no avenue for Plaintiff to attain relief on his claims.  Even if

Governor Cuomo's alleged personal involvement in issuing the Executive Order at issue were

enough to allege personal involvement for § 1983 liability, Plaintiff is unable to plausibly allege

that any of his constitutional rights were implicated via the suspension of NY CPL § 30.30 given

the New York Court of Appeals' interpretation of the statute.  *See Sinistaj*, 492 N.E.2d at 1210;

*see also People v. Haneiph*, 191 Misc.2d 738, 743–44 (N.Y. Crim. Ct. 2002) (upholding

constitutionality of executive orders suspending NY CPL § 30.30 after the September 11 attacks

and explaining that the defendant's Sixth Amendment right to a speedy trial was not implicated).

It is axiomatic that Plaintiff cannot succeed on a § 1983 claim based on an alleged violation of

his constitutional rights where he has failed to allege that his constitutional rights were violated.

*See Dunk v. Brower*, No. 07-CV-7087, 2009 WL 650352, at *8 (S.D.N.Y. Mar. 12, 2009) ("The

Supreme Court has found that if there is no constitutional violation, there can be no liability."

(citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))); *cf. Buari v. City of New York*,

530 F. Supp. 3d 356, 391 (S.D.N.Y. 2021) ("Because there is no constitutional right to an

4

adequate investigation, and therefore a claim for failure to investigate is not independently

cognizable under [§] 1983, the [c]ourt dismisses [the plaintiff's] claim for failure to conduct an

adequate investigation.").  Thus, Plaintiff fails to state a claim for relief.[3]

        For the reasons stated above, Plaintiff's Complaint is dismissed with prejudice.  Even pro

se plaintiffs are not entitled to amend a complaint if the complaint "contains substantive

problems such that an amended pleading would be futile."  *Lastra v. Barnes & Noble Bookstore*

No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan. 3, 2012).  Here, the Court has already

given Plaintiff two opportunities to explain how his allegations could plausibly state a claim for

relief, neither of which convinced the Court that it would be possible for Plaintiff to state a claim

under any circumstances.  As such, the Court finds that amendment of Plaintiff's claims would

be futile.

        The Clerk of Court is directed to mail a copy of this Order to Plaintiff and close this case.

SO ORDERED.

  Dated:    February 4, 2022
            White Plains, New York

                                            _____
                                                   KENNETH M. KARAS
                                                   United States District Judge

---

        [3] The Court understands that the crux of Plaintiff's complaint is that he only chose to
plead guilty because his understanding at the time was that there would be no possibility of a
trial in a timely manner given the suspension of NY CPL § 30.30.  (*See* Compl. 9–10.)
However, Plaintiff may not challenge the validity of his plea or the quality of his representation
by his appointed counsel via a § 1983 suit against Governor Cuomo.  *See Woodward v. White*,
No. 19-CV-10281, 2020 WL 1331933, at *2 (S.D.N.Y. Mar. 23, 2020) ("[A] civil rights action
under § 1983 is not the proper vehicle to challenge the validity [of] a guilty plea or to seek
release from custody."); *cf. McKiver v. City of New York*, No. 17-CV-4411, 2018 WL 3543906,
at *3 (S.D.N.Y. Feb. 16, 2018) (dismissing § 1983 claim for ineffective assistance of counsel
because "a public defender does not act under color of state law when performing a lawyer's
traditional functions as counsel to a defendant in a criminal proceeding"), *report and
recommendation adopted*, 2018 WL 3628840 (S.D.N.Y. July 23, 2018).